Jayson Oslund #114118 - CDOCLL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO



**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 9 2015

JEFFREY P. COLWELL
CLERK

Civil Action No.

(To be supplied by the court)

JAYSON M. OSLUND,                                     Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
STERLING CORRECTIONAL FACILITY,
Raemisch RICK ~~REASOM~~ - EXECUTIVE DIRECTOR, CDOC
JAMES FALK - WARDEN SCF
JAMIE SOUCIE - MEDICAL ADMINISTRATOR
MAURICE FAUVELL - MEDICAL PROVIDER              Defendant(s
C/O MULLEN - CDOC CORRECTIONAL OFFICERS,

# PRISONER COMPLAINT

## A. PARTIES

1   Jayson Michael Bruce Oslund, D.O.C. No. 114118, Sterling Correctional Facility
P.O. Box 6000, Sterling, Colorado  80751

    (Plaintiff's name, prisoner identification number, and complete mailing address)

---

2.   Rick Raemisch - Executive Director, CDOC; Colo. Dept. of Corrections, 2862 S, Circle
Drive, Suite 400 Colorado Springs, CO 80906

    (Name, title, and address of first defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law?  _X_ Yes  __No  (CHECK ONE).  Briefly explain your answer:

Mr. Raemisch is employed as the acting director of the Colo. Dept. of Corrections, as is
charged with the duty of overseeing the operations of prison facilities for the State.

---

3   James Falk - Warden SCF; Sterling Correctional Facility, P.O. Box 6000
Sterling, Colorado  80751

    (Name, title, and address of second defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law?  _X_ Yes  __No  (CHECK ONE).  Briefly explain your answer:

Mr. Falk is employed as the acting warden at the Sterling Correctional Facility, and is
responsible for overseeing the overall operations of the Sterling Correctional Facility.

---

4   Jamie Soucie - Medical Administrator; Sterling Correctional Facility, P.O. Box 6000
Sterling, Colorado  80751

    (Name, title, and address of third defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law?  __Yes  __No  (CHECK ONE).  Briefly explain your answer:

2

Ms. Soucie is employed as the acting administrative head of the medical department at the Sterling Correctional Facility, and is responsible for overseeing the operations of the medical department at Sterling Correctional Facility.

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

## B. JURISDICTION

1.   I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

   __X__   28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   _____   28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.   I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   42 U.S.C. § 1985 (3)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

   It is alleged that during the course of his confinement, Mr. Oslund was subjected excessive force at the hands of CDOC staff, which resulted in a permanent physical injury that has left Mr. Oslund confined to a wheel chair after suffering the loss of his mobility.

   Furthermore, Mr. Oslund has been subjected to insufficient medical treatment, deliberate indifference, retaliatory action, and sexual harassment by CDOC at the Sterling Correctional Facility since this incident took place on March 7, 2013.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1.   Claim One:   CDOC staff violated, Mr. Oslund's, eighth amendment protection against cruel and unusual punishment.

Supporting Facts:

On March 7, 2013, Mr. Oslund who is diagnosed with epilepsy, suffered from a Grand Mal seizure in his assigned housing unit at the Sterling Correctional Facility. This incident occurred after Mr. Oslund was sent back to his assigned living unit from his work assignment in Food service, after he informed staff that he was not feeling well. Mr. Oslund, was return to his living unit, and at this time suffered the first of two seizures he would have on March 7, 2013.

As a result of the first epileptic seizure, Mr. Oslund's head was split open after he fell into the railing on the second floor tier. This resulted in a concussion, and five stitches. After receiving medical attention, medical staff, sent Mr. Oslund back to his assigned living unit, and his cell on the second tier. Housing staff then moved Mr. Oslund to a first floor cell. Mr. Oslund's cellmate conduct the move.

Soon thereafter, at approximately the 4:00 pm facility head count, Mr. Oslund, suffered a second seizure. First responders were called to the scene, one of which was C/O Mullen a CDOC correctional officer once employed at the Sterling Correction Facility. At sometime throughout this episode, C/O Mullen, assaulted Mr. Oslund by physically slamming his head into the cement floor while Mr. Oslund was engaged in the episode of seizing.

Immediately following this incident, Mr. Oslund, experienced the loss of his mobility and has been confined to a wheelchair as a direct result of the physically assaulted committed by Officer Mullen.

Furthermore, prior to the March 7, 2013 incident, Mr. Oslund had been subjected to inadequate medical care. Again, Mr. Oslund, who was diagnosed with epilepsy, "did not receive any medication for the treatment of epilepsy prior to the episode on March 7, 2013." In fact, prior to March 7, 2013 event, Mr. Oslund had made numerous attempts by way of administrative channels to resolve the issue of not receiving his medication for a chronic condition. He not only utilized the prisoner's grievance procedure, but also spoke directly with medical staff at the Sterling Correctional Facility.

Moreover, a review of Mr. Oslund medical records will show that CDOC, as well as Sterling medical staff was well aware of his chronic condition prior to the March 7, 2013 episode. Yet, the medical provider failed to provide, Mr. Oslund with the proper medication and treatment. Thus, acting in a manner that is tantamount to malice and extreme indifference, which

Jayson Oslund #114118 - CDOCLL

is in direct violation of Mr. Oslund's right to protection from cruel and unusual punishment.

   To withhold medical services from an inmate cannot be justified, and does not serve as a legitimate penal-logical interest. Nor does assaulting an inmate who suffers from a chronic medical condition.

Jayson Oslund #114118 - CDOCLL

2.   Claim Two:   In addition, CDOC violated, Mr. Oslund right to equal protection of the law, and due process.

Supporting Facts: "CDOC, and the Sterling Correctional Facility, as its agent; has a duty to provide a safe living environment, and provide adequate care for those placed in its custody." Thus, its duty is protect inmates in its custody from excessive punishment, and or assaultive behavior by staff and other offenders alike. Thereby, CDOC and its agents, is responsible for the welfare of Mr. Oslund while he is in their custody.

The behavior of C/O Mullen violated Mr. Oslund right to safety, while other inmates similarly situated are being provided with safe living conditions, and are protected from the assaultive behavior of staff.

Furthermore, Sterling's medical staffs' failure to provide the appropriate medical care as violates his rights to equal protection. In that, again, other inmates similarly situated are being provided with the appropriate medical care. CDOC, has an establish protocol and provides sufficient treatment from other inmates suffering from epilepsy. Thus, equal protection and due process require that Mr. Oslund be provided with equal treatment.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __Yes  _X_ No  (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: **NA**

2. Docket number and court name:        **NA**

3. Claims raised in prior lawsuit:        **NA**

4. Disposition of prior lawsuit (for        **NA**
   example, is the prior lawsuit still
   pending? Was it dismissed?):

5. If the prior lawsuit was dismissed, when **NA**
   was it dismissed and why?

6. Result(s) of any appeal in the prior    **NA**
   lawsuit:

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   _X_ Yes  __No  (CHECK ONE).

2. Did you exhaust available administrative remedies?  _X_ Yes  __No (CHECK ONE).

## G. REQUEST FOR RELIEF

State the relief you are requesting.  If you need more space to complete this section, use extra paper.  The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Mr. Oslund, is hereby requesting the following relief:

He is seeking a total sum of $250,000.00 U.S. currency in punitive, and compensatory damages.

He is also requesting injunctive relief to the necessary modifications to the medical services provided at the Sterling Correctional Facility.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on     March, 5 2013

                 (Date)                (Prisoner's Original Signature)

3/5/2015                  *Jayson M. Oslund*

**(Parties).**

5    C/O Mullen - Correctional Officer; Sterling Correctional Facility, P.O. Box 6000

Sterling, Colorado  80751

(Name, title, and address of third defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?  X  Yes  __No  (CHECK ONE).  Briefly explain your answer:

Mr. Mullen was employed as a correctional officer for CDOC at the Sterling Correctional Facility at the time of the incident in question, and qualifies as the primary defendant in the foregoing action.

6    Maurice Fauvell - Medical Provider; Sterling Correctional Facility, P.O. Box 6000 Sterling, Colorado  80751

(Name, title, and address of third defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?  X  Yes  __No  (CHECK ONE).  Briefly explain your answer:

Mr. Fauvell was employed as a medical provider for CDOC at the Sterling Correctional Facility at the time of the incident in question, and was charge with the the duty of overseeing patients medical care, and providing and proscribing treatment regiments.

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | Doc #: 114118 |
|---|---|

**Name: Oslund, Jayson**

Grievance number (complete for Steps 2 and 3, only): R SF 13/14 0005357

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** On 2/11/14, 5:40 am ...while waiting for security, I told (sgt Arfsten) That (Dr. Fauvell) would be sending an E-mail about my Medical issues at while again trying to get through metal Detector, I have to grab the chain connected to the Broom To keep from falling & hurting myself, (Arfsten) tells me Repeatedly not to grab the chain...This has Been an ongoing issue w/ him once a lyr. Upon entering the kitchen, The fire Alarm is flashing forcing me To stop and cover my eyes In the Hallway, (Arfsten) approaches me And tells me I need to get to the chow Hall for count. I asked Him to please Assist me int. The chow Hall Due to the flashing lights & my seizure. He Told me "no"...I Don't know about your Medical Issue's. The He says "are you Interfering with my count." I asked Him to assist me Again. He tells me To "uncover" my eyes. I Refused By Ignoring Him. I then Attempted to get to the chow Hall By Feeling the walls, After He Threatened to put me in segregation for "Interfering w/ count. After count...I followed the walls to the kitchen office & told (sgt Leonard) what was wrong. She calls (Lt Brodehaus) Telling Her what the issue was, giving the "okay" to cover my eyes w/a shirt (sgt Arfsten) approaches me, yelling at me to take the shirt off my eyes. I Told Him repeatedly That it was approved By My Supervisor (sgt. Leonard) Heard and also told (Arfsten) It was "okayed" By Lt. Brodehaus). I was forced to Removed it, And left in a corner of the Walls Metal Box on the wall For 1hr, 53 minutes. (sgt Arfsten) is and was aware of my seizures Disability as well as my limit of mobility (see: ADA accomodations) There is a History of Retaliation Against me with Him, per A.R. 100-19 ...I am to use or follow the chain of command to resolve issues... I Have Been Denied This, By major Bilberaya (Remedy:) Last staffing w/ warden, Dr. Fauvell, me, sgt. Arfsten, To Have Rails (ADA) put up an wall By Metal ~~Detection~~ Detector ...For Security, to Attend (advanced) Training Classes for people w/Disabilities.

| Date: 5-9-2014 | Offender Signature: _(signature)_ |
|---|---|
| **Case Manager/CPO Must Complete** | Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF | Step (Circle one) 1   2   ③ |

Signature: _B. Deal_
Print Name and DOC Employee Id #: Betty Deal   18303

Date received: 5-12-14

Attachment "B"
Page 1 of 1

MAY 13 REC'D

---

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 05/13/2014 | Grievance Coordinator & ID # BENSON, VICKI (11918) |
|---|---|

**RESPONSE**
see attached

**TO BE COMPLETED BY RESPONDER**

| Date 05/29/2014 | Responder Name & ID # GRIFFITH, MARSHALL (14298) | Response Date 06/10/2014 |
|---|---|---|

| Disposition | Denied |
|---|---|

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name OSLUND, JAYSON | | DOCNO 114118 | Grievance # R-SF13/14-00053357-3 |
|---|---|---|---|
| Date: 6-12-2014 | Offender Signature _(signature)_ | | Copies: Administrative Head, Offender |

Original: Department file/AIC

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238



Step 3 Grievance Officer

John W. Hickenlooper
Governor

Rick Raemisch
Executive Director

June 10, 2014

RE: Grievance #R-SF13/14-53357

Dear Mr. Jayson Oslund #114118:

I have reviewed your Step 3 grievance that you filed with regard to 2/11/14. You request that rails be put up on the wall by the metal detector; and request that security take additional training for people with disabilities.

In review of this matter I contacted SCF Security and Medical for information. Your version and/or interpretation of events on 2/11/14 cannot be confirmed. Nonetheless a recommendation was made to the SCF Physical Plant Manager for the installation of handrails on both sides of the metal detector. Insofar as your request that security take additional training I can find no documentation to support this remedy. Based upon the foregoing I cannot recommend any further relief in this matter than may possibly be provided with the installation of handrails by the metal detector.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden.  There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied.  This is the final administrative response in this matter and you have exhausted your administrative remedies.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
     grievance file

DC Form 850-04B (12/13/12)

MAY 1 1 2013

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | Doc #: 114118 |
|---|---|

Name: Jayson Oslund

Grievance number (complete for Steps 2 and 3, only): ☺ R-SF12/13-00039744-2

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** On 3-7-13 During my second sizzure I was assualted "slammed" By officer mullen on the ground and doing so, yelling at me to Quit resisting I confiscated officer mullen (on 3-9-13) about Him "slamming" me on the ground while I was siezing and He got a attitude and walked away saying, I wasn't seizing. During Him "slamming me on the ground I Hit my Head on the wall... I Remember Briefly opening my eyes seeing a streak of Blood on the wall then going Back out. Thats the only thing I ____ remember, So I Dont Know where these officers are getting that I Dont remember nothing of the second sieture. Every Thing That Happened and my testimony was Recorded By Investigator Smithgall also Before off. mullen walked away while I was confronting Him (c.garlick) came in the pod and stood BeHind me. Then approx. 10 minutes Later (officer Mullen and Lt. Hauffman) arrested (c. garlick) For "Advocating" (Lt. Hauffman) Told me that, "several offenders came to Him and told Him (c.garlick) was telling people His officer assaulted me and it was a lie". I Then Talked to (officer cook)... I Requested For (Sandy Kiel) to pull tapes to show/prove That (c.garlick) was not lieing. I was Told By Investigater smithgall That The tapes of that Day was (Destroyed) Taped over. I also Have Affidavitts From witnesses ... Exs: I.
( Remedy: To accomidate or provide a program That would allow "all" CDOC Officers to go through and Be able to Preclieve extensive. Sensativity and proper medical Training.) (especially with epileptic people).

| Date: 5-6-13 | Offender Signature: Jayson Oslund 5-6-2013 | |
|---|---|---|

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF | Step (Circle one) 1  2  ③ |
|---|---|---|

Signature: B. Dred
Print Name and DOC Employee Id #: Bettye Dral 18803

Date received: 5-13-13

Attachment "B"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 05/14/2013 | Grievance Coordinator & ID # | BENSON, VICKI (11918) |
|---|---|---|

**RESPONSE**
see attached

## TO BE COMPLETED BY RESPONDER

| Date 05/16/2013 | Responder Name & ID # | GRIFFITH, MARSHALL (14298) | Response Date 05/22/2013 |
|---|---|---|---|

| Disposition | Denied |
|---|---|

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name OSLUND, JAYSON | | DOCNO 114118 | Grievance # R-SF12/13-00039744-3 |
|---|---|---|---|

| Date: 5-23-2013 | Offender Signature: | |
|---|---|---|

Original: Department file/AIC

Copies: Administrative Head, Offender

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238

Step 3 Grievance Officer

John W. Hickenlooper
Governor

Roger Werholtz
Interim Executive Director

May 22, 2013

RE: Grievance #R-SF12/13-39744

Dear Mr. Jayson Oslund #114118:

I have reviewed your Step 3 grievance that you filed with regard to CDOC officer training because of treatment you received from one specific officer.

In review of this matter it is my finding that I can find no documentation to support your claim that this specific officer, in any way performed in an unprofessional manner during the seizure you experienced. I contacted SCF and was informed that attempts were made to assist you during a seizure. The staff member further explained to you, when the seizure was over, what those attempts were. You have provided no supporting verifiable documentation of your claims. DOC officers and staff are required to take annual training on the issues you feel are inadequate. Based upon the foregoing I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden.  There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied.  This is the final administrative response in this matter and you have exhausted your administrative remedies.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
        grievance file