IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-491-GPG

**JAYSON M. OSLUND**,

    Plaintiff,

v.

**COLORADO DEPARTMENT OF CORRECTIONS;**
**STERLING CORRECTIONAL FACILITY;**
**RICK RAEMISCH**, Executive Director, CDOC;
**JAMES FALK**, Warden;
**JAMIE SOUCIE**, Medical Administrator;
**MAURICE FAUVELL**, Medical Provider; and
**C/O MULLEN**, CDOC Correctional Officers,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jayson M. Oslund, is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Mr. Woodstock has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

In his Complaint, Plaintiff complains about an incident that ocurred on March 7, 2013, when Mr. Oslund, who is diagnosed with epilepsy, suffered from a Grand Mal seizure in his assigned housing unit at the Sterling Correctional Facility. As a result of this seizure, Mr. Oslund's head was split open after he fell into the railing on the second floor tier. This resulted in a concussion and five stitches. After receiving medical attention, Mr. Oslund was sent back to his assigned living unit and his cell on the second tier. Soon thereafter, at approximately 4:00 pm, Mr. Oslund suffered a second

seizure. At sometime throughout this episode, C/O Mullen assaulted Mr. Oslund by physically slamming his head into the cement floor while Mr. Oslund was engaged in the episode of seizing. Immediately following this incident, Mr. Oslund experienced the loss of his mobility and has been confined to a wheelchair.

Plaintiff raises claims under the Eighth Amendment for excessive force, inadequate medical treatment and failure to protect. In addition, he raises claims of equal protection and due process.

The Court must construe the Complaint liberally because Mr. Oslund is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Oslund will be ordered to file an amended complaint.

The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The amended Prisoner Complaint Mr. Oslund files must comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In order to state a claim in federal court, Mr. Oslund "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Oslund must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through plaintiff's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, it is unclear from the Complaint whether Mr. Oslund is suing the individual Defendants in their official capacities, individual capacities, or both. Moreover, he has named the Colorado Department of Corrections (CDOC) and the Sterling Correctional Facility (SFC), both of which are considered arms of the state of Colorado and claims against them are construed against the State of Colorado. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). The State and its agencies are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the CDOC expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988). The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished). Accordingly, Mr. Oslund cannot obtain a judgment for damages against the individual Defendants, sued in their official

capacities. Nor can he obtain a judgement for damages against the CDOC or SCF. However, to the extent the Complaint asserts a cognizable claim for relief under § 1983, Plaintiff is not precluded from seeking prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes.").

The Complaint further is deficient because Mr. Oslund fails to allege facts to show that each named Defendant was personally involved in the alleged deprivation of his constitutional rights. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff's allegations that Defendants Raemisch, Falk, Soucie and Fauvell are not sufficient to demonstrate that the Defendants were personally involved in the alleged deprivation of Plaintiff's rights.  Instead, Plaintiff seeks to hold these individuals liable based on their supervisory status, which is improper under § 1983.

And, to state an arguable due process claim, Mr. Oslund must allege facts to show that he was deprived of a constitutionally-protected liberty interest.  *See Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000); *Gwinn v. Awmiller*, 354 F.3d 1211, 1217-24 (10th Cir. 2004).  To state an equal protection claim, he must allege facts showing that he was treated differently from others who were similarly situated to him.  *Taylor v. Roswell Ind. Sch. Dist.*, 713 F.3d 25, 53 (10th Cir. 2013).  Accordingly, it is

**ORDERED** that Plaintiff, Jason Oslund, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

**FURTHER ORDERED** that, if Plaintiff fails to file an amended complaint within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of all or part of this action without further notice this action will be dismissed without further notice for the reasons discussed above.

DATED April 7, 2015, at Denver, Colorado.

BY THE COURT:

                                               /s Gordon P. Gallagher
                                             United States Magistrate Judge