IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-491-LTB

**JAYSON M. OSLUND**,

    Plaintiff,

v.

**RICK RAEMISCH**, Executive Director Colorado Department of Corrections (CDOC);
**JAMES FALK**, Warden, Sterling Correctional Facility;
**JAMIE SOUCIE**, Medical Administrator;
**MAURICE FAUVELL**, Medical Provider; and
**C/O MULLEN**, all in their official and individual capacities,

    Defendants.

---

**ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE**

---

Plaintiff, Jayson M. Oslund, is in the custody of the Colorado Department of Corrections (CDOC) at the Sterling Correctional Facility (SCF) in Sterling, Colorado. He initiated this action by filing, *pro se*, a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.  Mr. Oslund has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (ECF No. 4).  On April 7, 2015, the Court ordered Plaintiff to file an Amended Complaint (ECF No. 5).  Plaintiff filed his Amended Complaint on May 7, 2015 (ECF No. 6).

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  Because Mr. Oslund is a prisoner complaining

about prison conditions, and has been granted leave to proceed IFP, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Having screened all materials filed, the court finds that Defendants Raemisch and Falk should be dismissed from this action.  The Complaint will be drawn as to the remaining Defendants. **I. The Complaint**

In his Complaint, Plaintiff complains about an incident that ocurred on March 7, 2013, when Mr. Oslund, who is diagnosed with epilepsy, suffered from a Grand Mal seizure in his assigned housing unit at the SCF.  Mr. Oslund asserts that the prison medical department was aware of his condition and refused to provide him with his necessary medication.  As a result of this seizure, Mr. Oslund's head was split open after he fell into the railing on the second floor tier.  This resulted in a concussion and five stitches.  After receiving medical attention, Mr. Oslund was sent back to his assigned living unit and his cell on the second tier.  Soon thereafter, at approximately 4:00 pm, Mr. Oslund suffered a second seizure.  At sometime throughout this episode, C/O Mullen assaulted Mr. Oslund by physically slamming his head into the cement floor while Mr. Oslund was engaged in the episode of seizing telling him to "stop resisting."  Immediately following this incident, Mr. Oslund was confined in segregation.  He has experienced the loss of his mobility and now is confined to a wheelchair.

**II. Defendants Raemisch and Falk**

The Amended Complaint fails to state a claim against Defendants Raemisch and Falk.  Defendant Raemisch is the Executive Director of the CDOC.  Defendant Falk is the

Warden at the SCF.  Neither of these individuals was personally involved in the alleged deprivations of Mr. Oslund's constitutional rights.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009) (stating that a § 1983 claim requires "personal involvement in the alleged constitutional violation."); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (same).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (stating that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Correctional defendant administrators who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  "If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that

the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment *scienter* requirement of deliberate indifference. *Id. See also Hernandez v. Keane*, 341 F.3d 137, 148 (2d Cir. 2003) (no deliberate indifference on part of grievance reviewer who delegated responsibility for investigating inmate's complaints about his medical needs to other prison staff). Because Plaintiff alleges that Defendant Maurice Fauvel was assigned as his primary care provider, he fails to state a claim against either Defendant Raemisch or Defendant Falk. Thus, these parties will be dismissed.

### III.  Eighth Amendment claims

Plaintiff invokes liability under the Eighth Amendment. In this regard, the Eighth Amendment's prohibition against cruel and unusual punishment guarantees that prison officials must provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Mr. Oslund's allegations against the remaining Defendants state plausible claims for relief under the Eighth Amendment. Thus, his claims against Defendants Soucie, Fauvel and Mullen do not appear to be appropriate for summary dismissal. These claims will be drawn to a district judge and a magistrate judge. Accordingly, it is

**ORDERED** that Rick Raemisch and James Falk are **DISMISSED** as parties to this action. It is

**FURTHER ORDERED** that the claims against the remaining Defendants and the case are drawn to a district judge and a magistrate judge.

DATED May 18, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court