IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00491–KMT

JAYSON M. OSLUND,

    Plaintiff,

v.

JAMIE SOUCIE,
MAURICE FAUVEL,
C/O MULLEN, in their official and individual capacities,

    Defendants.

---

## ORDER

---

This case comes before the court the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 19 [Mot.], filed July 20, 2015). Plaintiff filed his response on September 10, 2015 (Doc. No. 28 [Resp.]), and Defendants filed their reply on September 24, 2015 (Doc. No. 29 [Reply]).

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, asserts claims for violations of his Eighth Amendment rights for the defendants' alleged failure to provide him proper medical care and use of excessive force. (*See* Doc. No. 6 [Compl.], filed May 7, 2015).

Plaintiff alleges he was incarcerated at the Denver Diagnostic and Reception Center ("DRCD") in the Colorado Department of Corrections ("CDOC") in September 2010. (*Id.* at 4.)

Plaintiff states he informed CDOC medical staff at that time that he had epilepsy and required medication. (*Id.*) The DCRC medical staff informed Plaintiff that due to his previous incarceration in the CDOC they were aware of his medical condition and the medication he previously received. (*Id.*)

At some unspecified date, Plaintiff was sent to the Sterling Correctional Facility ("SCF"), where Plaintiff states he had been housed during his previous incarceration. (*Id.*) Plaintiff alleges the SCF Clinical Services staff was aware of his medical condition and the medication Plaintiff needed because of his previous incarceration in 2005. (*Id.*) Plaintiff alleges Defendant Fauvel was assigned to be his primary medical care provider at SCF and, despite knowing Plaintiff needed it, refused to give him any epilepsy medication. (*Id.*)

Plaintiff alleges on March 7, 2013, he suffered a grand mal seizure. (*Id.*) As a result of the seizure, Plaintiff fell, was knocked unconscious, suffered a concussion, and required five stitches. (*Id.*) Later that day, Plaintiff suffered another seizure. (*Id.* at 7.) Plaintiff alleges after the second seizure "[a]t some point [he] realized that [he] could not walk." (*Id.*) Plaintiff alleges he has been immobile and has to use a wheelchair since then. (*Id.*)

The defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Mot.)

## STANDARDS OF REVIEW

### A.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also*

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.   *Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it

becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## C.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a

5

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

*A.     Statute of Limitations*

Defendants Soucie and Fauvel argue that Plaintiff's claim for denial of medication is time-barred. (Mot. at 3–4.)

Although a statute of limitations bar is an affirmative defense, questions regarding the statute of limitations may be resolved under Rule 12(b)(6) when it is clear from the face of the complaint that the right sued upon has been extinguished. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *see also Jackson v. Standifird*, 463 F. App'x 736, 738 (10th Cir. 2012) ("Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim."). The applicable statute of limitations on claims under 42 U.S.C. § 1983 is determined by state law, and Colorado's residual two-year limitations period applies to this case. *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993); Colo. Rev. Stat. § 13–80–102(i). The question of when a cause of action accrues and when the limitations period accordingly begins to run is governed by federal law, which provides that "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotations omitted). Thus, a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (quotations omitted).

Defendants Soucie and Fauvel argue that, to the extent Plaintiff asserts a claim against them for denial of medication, his claim is barred by the statute of limitations because Plaintiff

6

alleges in his Complaint that he was incarcerated in September 2010 and was denied epilepsy medication thereafter. Though Plaintiff does allege he informed CDOC medical staff at DRDC in September 2010 that he had epilepsy and required medication, he does not specifically allege when he was transferred to SCF and when the medical staff at SCF was made aware of his epilepsy and need for medication. (*See* Compl. at 4.) The court cannot presume that Plaintiff was transferred to SCF in 2010. Rather, the allegations in the Complaint must make it clear that Plaintiff's claims are barred. *Aldrich*, 627 F.2d at 1041. Accordingly, the court cannot find at this juncture that Plaintiff's Eighth Amendment claim for denial of medication against Defendants Soucie and Fauvel is barred by the applicable statute of limitations.

## B.     *Eleventh Amendment Immunity*

Defendants argue that they, in their official capacities, are immune from Plaintiff's claims.[1] (Mot. at 4–5.)

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

---

[1] Plaintiff asserts all claims against the defendants in their individual and official capacities. (*See* Compl. at 1.)

(1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).  Moreover, an action under 42 U.S.C. § 1983 may only be brought against a person.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983.  *Will*, 491 U.S. at 70–71.

Eleventh Amendment immunity applies whether the relief sought is legal or equitable.  *Johns*, 57 F.3d at 1552.  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).  However, claims for injunctive and declaratory relief may, in some circumstances, proceed against an official in his or her official capacity.  *Id.*  Whether the Eleventh Amendment provides immunity on a claim for injunctive or declaratory relief depends on whether the relief sought is truly prospective.  *Id.* at 1258–59.  If the relief sought is actually retrospective, it is barred by the Eleventh Amendment.  *Id.*

To the extent Plaintiff seeks monetary relief and punitive damages from the defendants in their official capacities, the Eleventh Amendment shields them from liability, and the court lacks jurisdiction over Plaintiff's claims.  *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Serv.*, 569 F.3d 1244, 1260 (10th Cir. 2009) (noting jurisdictional nature of Eleventh Amendment sovereign immunity).  However, to the extent Plaintiff seeks prospective injunctive relief or sues the defendants in their individual capacities, the Eleventh Amendment does not bar such claims.

C.   *Eighth Amendment Claims*

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend VIII.  As such, it requires that "prison officials . . . ensure that inmates receive adequate food,

clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The court's analysis of Plaintiff's Eighth Amendment claims involves both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991).

### 1. *Medical Care*

As to the objective component, the court considers whether Plaintiff has been deprived of a sufficiently serious basic human need. "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.' " *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

As to the subjective component of a deliberate indifference claim, the plaintiff must prove that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

#### a. *Defendant Soucie*

In his Complaint, Plaintiff alleges

> Defendant Soucie is a Medical Administrator at the Sterling Correctional Facility. Defendant Soucie is responsible for assuring the prisoners in SCF receive proper medical care and required medication. Defendant Soucie is responsible for conducting file reviews to assure prisoners are receiving proper treatment and medication while under her care.

(Compl. at 5.)

Evidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party. *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). An affirmative link must exist between the alleged constitutional violation and the defendant's participation, control, or direction. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151–52 (10th Cir. 2006). Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant. *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"The first aspect of the affirmative link is the supervisor's own conduct, that [s]he 'actively participated or acquiesced in the constitutional violation.' " *Serna*, 455 F.3d 1146, 1152 (quoting *Holland v. Harrington*, 268 F.3d 1179, 1187 (10th Cir.2001)). "The evidence may take various forms: 'the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.' " *Id.* (quoting *Holland*, 268 F.3d at 1187). "A plaintiff may also establish an affirmative link where the supervisor 'tacitly authorized the offending acts.' " *Id.* (quoting *Wever v. Lincoln County*, 388 F.3d 601, 60 (8th Cir.2004)).

The court concludes that Plaintiff has not sufficiently alleged an affirmative link between Defendant Soucie and the alleged constitutional violation. Though Plaintiff identifies Defendant Soucie as the "Medical Administrator," he fails to allege that she knew he had epilepsy and needed medication and that she disregarded the risk that failing to provide the medication would

pose to Plaintiff's health and safety. Moreover, Plaintiff fails to state any facts alleging that Defendant Soucie either directed her employees to act in a certain manner or that she failed to supervise her employees. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted and internal quotations omitted) ("Supervisory status alone does not create § 1983 liability. Rather, there must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, [her] exercise of control or direction, or [her] failure to supervise.").

Accordingly, Plaintiff's claims against Defendant Soucie are dismissed.

### *b.    Defendant Fauvel*

Defendants argue Plaintiff has failed to satisfy the subjective element of an Eighth Amendment claim against Defendant Fauvel. (Mot. at 8–10.)

Plaintiff alleges Defendant Fauvel was assigned to be his primary medical care provider at SCF. (Compl. at 4.) Plaintiff alleges Defendant Fauvel refused to give Plaintiff epilepsy medication despite knowing Plaintiff needed it. (*Id.*) The court finds Plaintiff has not set forth sufficient facts to satisfy the subjective element of an Eighth Amendment claim as to this allegation. Plaintiff fails to allege that he ever discussed his need for epilepsy medication with Defendant Fauvel. Rather, Plaintiff alleges "SCF Clinical Staff" were aware of his epilepsy and the medication that condition requires because "[the medicine] had been given to [him] when [he] was housed [at SCF] in 2005" and because the "condition and necessary mediation were part of [his] medical file which was kept by SCF Clinical Services and was available for review by all SCF Clinical Services staff." (Compl. at 4.)

The Court of Appeals for the Tenth Circuit has held:

> So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met. Indeed, our subjective inquiry is limited to consideration of the doctor's knowledge at the time he prescribed treatment for the symptoms presented, not the ultimate treatment necessary . . . .

*Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir.2006). Plaintiff fails to allege that Defendant Fauvel specifically "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health and safety." *Farmer*, 511 U.S. at 837.

Plaintiff also alleges Defendant Fauvel failed to provide proper medical care by ordering Plaintiff to return to his cell following his first seizure, concussion, and head injury. (Compl. at 6.) The court finds Plaintiff has set forth sufficient facts to satisfy the subjective element of an Eighth Amendment claim as to this allegation. Plaintiff specifically alleges that after his first seizure, he awoke to Defendant Fauvel giving him stitches. (*Id.* at 4.) Plaintiff alleges as soon as Defendant Fauvel finished stitching his head, Defendant Fauvel failed to providing proper medical treatment when he ordered Plaintiff to return to his cell, despite Defendant Fauvel's knowledge that "symptoms of a head injury which may indicate a concussion require supervision." (*Id.* at 6.) Plaintiff alleges he suffered another seizure shortly thereafter and that he has been immobile and in a wheelchair ever since. (*Id.* at 5.)

Plaintiff's Eighth Amendment claim against Defendant Fauvel is dismissed as to allegations that Defendant Fauvel failed to provide him with epilepsy medication prior to March 7, 2013. However, Plaintiff's Eighth Amendment claim against Defendant Fauvel shall proceed as to Plaintiff's allegation that Defendant Fauvel failed to provide medical care following Plaintiff's first seizure on March 7, 2013.

### 2.     *Excessive Force*

The court's analysis of Plaintiff's excessive force claim includes both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991). First, the court considers whether the alleged force "was objectively harmful enough to establish a constitutional violation." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2002) (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," only those physical punishments rising above *de minimis* uses of force "are sufficiently grave to form the basis of an Eighth Amendment violation." *See Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (citations omitted). While the presence of an injury is not required, presence or absence of an injury is a factor in the determination of whether a defendant's conduct constituted an objectively serious use of force. *See Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992) (holding that "significant physical injury" is not required, but "[t]he extent of injury may be relevant in determining whether corrections officers unnecessarily and wantonly inflicted pain").

Second, as to the subjective component, the court considers whether the defendant intended harm, *i.e.*, whether he acted "maliciously and sadistically." *See Hudson*, 503 U.S. at 9. Indeed, the touchstone inquiry in an excessive force claim is whether the force was applied in a "good-faith effort to maintain and restore discipline or maliciously and sadistically" to cause harm. *See DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). The subjective element can only be proved by showing that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 837; *Hudson*, 503 U.S. at 8.

Plaintiff alleges Defendant Mullen, as a "first responder," is tasked with responding to medical emergencies. (Compl. at 6.) Plaintiff alleges his cellmate informed him that, during Plaintiff's second seizure, Defendant Mullen, "[o]ne of the responding staff, grabbed [Plaintiff] while [he] was seizing and convulsing, yelled at [him] to 'Stop resisting', and then began slamming [his] head into the ground." (Compl. at 5.)

The court finds Plaintiff has sufficiently alleged an Eighth Amendment excessive force claim against Defendant Mullen. First, Plaintiff alleges he has been immobile and in a wheelchair since his second seizure. (*Id.* at 5.) Second, though Plaintiff has failed to allege that Defendant Mullen had any malicious and sadistic intent to cause Plaintiff harm, *DeSpain*, 264 F.3d at 978, he does allege that "Defendant Mullen is responsible for knowing the proper way to act in the situations to which he is responding" and that "Defendant Mullen had an affirmative duty to properly handle [his] grand mal seizure, a[ ] duty which included not slamming [his] head against the floor in a manner which put [him] in a wheelchair." (*Id.* at 6.) Plaintiff has sufficiently alleged that Defendant Mullen "kn[ew] of and disregard[ed] an excessive risk to" Plaintiff's health.

Defendants' motion to dismiss the Eighth Amendment claim against Defendant Mullen is denied.

### B.   *Qualified Immunity*

Qualified immunity is an affirmative defense against 42 U.S.C. § 1983 damage claims available to public officials sued in their individual capacities. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine protects officials from civil liability for conduct that does not violate clearly established rights of which a reasonable person would have known. *Id.* As

government officials at the time the alleged wrongful acts occurred, being sued in their individual capacities, the defendants are entitled to invoke a qualified immunity defense to Plaintiff's malicious prosecution claim. *See id.* at 231; *Johnson v. Jones*, 515 U.S. 304, 307 (1995) (noting that police officers were "government officials – entitled to assert a qualified immunity defense"). In resolving a motion to dismiss based on qualified immunity, a court looks at: "(1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (quoting *Pearson*, 555 U.S. at 232) (internal quotations omitted). Once a defendant invokes qualified immunity, the burden to prove both parts of this test rests with the plaintiff, and the court must grant the defendant qualified immunity if the plaintiff fails to satisfy either part. *Dodd v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010). Where no constitutional right has been violated "no further inquiry is necessary and the defendant is entitled to qualified immunity." *Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1244 (10th Cir. 2008) (quotations omitted).

Here, Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against Defendant Soucie. Plaintiff also has failed to state an Eighth Amendment deliberate indifference claim against Defendant Fauvel for denial of medication prior to March 7, 2013. As such, Defendants Soucie and Defendant Fauvel are entitled to qualified immunity as to these claims.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 19) is **GRANTED** in part and **DENIED** in part as follows:

1.     Defendants Soucie and Fauvel's motion to dismiss Plaintiff's claim for denial of medication as time-barred is DENIED;

2.     Defendants' motion to dismiss Plaintiff's monetary relief and punitive damages claims against the defendants in their official capacities is GRANTED;

3.     Defendants' motion to dismiss the Eighth Amendment claims against Defendant Soucie is GRANTED. Defendant Soucie is granted qualified immunity, and the claims against her are dismissed with prejudice;

4.     Defendants' motion to dismiss the Eighth Amendment claims against Defendant Fauvel is GRANTED in part and DENIED in part. Plaintiff's Eighth Amendment claim for denial of medication prior to March 7, 2013, is dismissed with prejudice, and Defendant Fauvel is granted qualified immunity on this claim. Plaintiff's Eighth Amendment claim against Defendant Fauvel for failure to provide medical care following Plaintiff's first seizure on March 7, 2013, shall proceed; and

5.     Defendants' motion to dismiss the Eighth Amendment claim against Defendant Mullen is DENIED.

Dated this 2nd day of March, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge